**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-CV-80479-ROSENBERG/REINHART

THANH M. HOANG,

    Plaintiff,

v.

DORAL 888 LLC and BOCA 888 LLC,
both d/b/a ZAKA MODERN JAPANESE
CUISINE, and KENNY TANG,

    Defendants.
_____/

**OMNIBUS ORDER DENYING ALL PENDING MOTIONS AND**
**REFERRING THIS MATTER FOR A SETTLEMENT CONFERENCE**

This matter is before the Court on three pending motions: Defendant Kenny Tang's Motion for Judgment on the Pleadings at docket entry 52, Kenny Tang's Motion for Summary Judgment at docket entry 57, and Plaintiff's Motion for Partial Summary Judgment at docket entry 53. Each motion has been fully briefed. For the reasons set forth below, each motion is denied.

**I.    BACKGROUND**

This is a case about overtime pay. Plaintiff is a hibachi cook. DE 30 at 2. He alleges that he was not compensated for overtime while working for the Defendants and has brought this case under the Fair Labor Standards Act. *Id.* at 5. In response, the Defendants contend that Plaintiff is not entitled to overtime pay because, *inter alia*, Plaintiff is a creative professional that, as a matter of law, is exempt from the Fair Labor Standards Act.

The parties have filed cross motions, with Plaintiff contending that he is entitled to judgment as a matter of because he is clearly *not* a creative professional exempt from the Fair

Labor Standards Act, and the Defendants contending that Plaintiff clearly *is* a creative professional. Succinctly stated, the Court denies the parties' cross motions because the characterization of Plaintiff's employment—whether or not he is a creative professional—is a question for the finder of fact,[1] not this Court.

## II.  LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

---

[1] Plaintiff has demanded a trial by jury. DE 30 at 8.

### III.   ANALYSIS

The parties have filed two motions for summary judgment and one motion for judgment on the pleadings. Below, the Court analyzes each motion separately.

#### A.  *The Defendant's Motion for Partial Summary Judgment*

Defendant Kenny Tang seeks summary judgment on three points. First, Mr. Tang argues that, as a matter of law, Plaintiff is exempt from the Fair Labor Standards Act (FLSA) as a creative professional. Second, Mr. Tang argues that the record evidence establishes that he is not an employer, as that term is defined in the FLSA, and, as a result, he cannot be found liable in this case. Third, Mr. Tang argues that summary judgment should be entered in his favor for Plaintiff's fourth count, a claim for retaliation. The Court addresses each of Mr. Tang's three issues in turn.

**1.   Whether Plaintiff is Exempt from the FLSA as a Creative Professional**

Mr. Tang argues in his motion that Plaintiff is a creative professional under the FLSA as a matter of law. In Part (A)(1)(a), the Court summarizes the law on creative professionals. The Court then explains three reasons why it declines to decide at summary judgment whether Mr. Tang is a creative professional. In Part (A)(1)(b), the Court determines that Mr. Tang failed to include facts on this issue in his Statement of Material Facts as required by Local Rule 56.1. In Part (A)(1)(c), the Court finds that the only fact in Mr. Tang's Statement that could arguably relate to the creative professional exemption—that Plaintiff prepared different types of food on a large grill—does not satisfy Mr. Tang's threshold burden as the movant to show that Plaintiff is a creative professional. Third and finally, in Part (A)(1)(d), the Court holds that if Mr. Tang

3

had sufficient evidence to satisfy his burden as the movant, Plaintiff has provided sufficient counterevidence to create a genuine factual dispute on this material issue.

    *a. Creative Professionals Under the FLSA*

Under the FLSA, employers must pay time and a half for any hours an employee works over forty during the workweek. 29 U.S.C. § 207(a)(1). The FLSA also requires employers to pay employees at least a statutory minimum wage for hours worked. 29 U.S.C. § 206. Section 213 of the FLSA carves out exemptions to the maximum hour and minimum wage requirements in Sections 206 and 207. *See* 29 U.S.C. § 213. One such exemption is for bona fide professionals. *See* 29 C.F.R. § 541.30.

To be a bona fide professional, an employee must (i) earn $684 or more per week on a salary or fee basis; and (ii) have a primary duty "[r]equiring knowledge of an advanced type" or "[r]equiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(a). "Salary basis" means that "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602. "Fee basis" means "the employee is paid an agreed sum for a single job regardless of the time required for its completion." 29 C.F.R. § 541.605.

One subset of bona fide professionals is the category of creative professionals. *See* 29 C.F.R. § 541.302. To qualify as a creative professional, "an employee's primary duty must be the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor as opposed to routine mental, manual, mechanical or physical

4

work." 29 C.F.R. § 541.302(a). Department of Labor (DOL) guidelines note that chefs may qualify as a creative professional to the extent that their primary duty is a creative endeavor like "regularly creating or designing unique dishes and menu items." Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22,122, 22,154 (Apr. 23, 2004). However, the DOL acknowledges the "wide variation in duties of chefs," and specifies that "[t]he Department intends that the creative professional exemption extend only to truly 'original' chefs, such as those who work at five-star or gourmet establishments, whose primary duty requires 'invention, imagination, originality, or talent.'" *Id.*

Courts generally have been unwilling to hold that chefs fall under the creative professional exemption as a matter of law on summary judgment. *See Karropoulos v. Soup du Jour, Ltd.*, 128 F. Supp. 3d 518, 536-37 (E.D.N.Y. 2015) (deferring to DOL guidelines and denying summary judgment on the basis that, while the plaintiff helped create new menus for the restaurant, there were still genuine issues of material fact as to whether this was his primary duty and whether the restaurant was gourmet); *Seok Hwi Cha v. YP's Kani, Inc.*, 317 F. Supp. 3d 1215, 1219 (N.D. Ga. 2018) (holding that customizing dishes for customers, offering menu suggestions, and assisting in creating the menus did not demonstrate that sushi chef's primary duty required invention, imagination, originality or talent as a matter of law); *Eren v. Gulluoglu LLC*, No. 15-CV-4083, 2017 WL 4351516, at *3 (E.D.N.Y. Sept. 30, 2017) (denying summary judgment because although defendants adequately demonstrated the experience and talent of plaintiffs, they did not show how that talent was applied to an innovative and imaginative task); *see also Stih v. Rockaway Farmers Mkt., Inc.*, No. 22-CV-3228, 2023 WL 2760492, slip op. at

5

*4 (E.D.N.Y. Apr. 3, 2023) (finding that plaintiff's pleadings stating that his duties involved cooking did not sufficiently demonstrate that he fit within the creative professional exemption for defendants to prevail on their motion to dismiss). The Court now turns to its application of the law to Mr. Tang's motion.

### b. Mr. Tang Failed to Follow the Summary Judgment Procedures in Local Rule 56.1

Because Mr. Tang makes his argument in a motion for summary judgment, he is required, pursuant to Local Rule 56.1, to provide citations to record evidence in support of his contention in a separate document—a statement of material facts. The purpose of Local Rule 56.1 is to provide the requisite notice to the party opponent of all the facts the movant believes are undisputed. If a fact is not listed in the statement of material facts, the party opponent is not clearly informed of the need to dispute the fact.

On the issue of whether Plaintiff's duties require the kind of "invention, imagination, originality or talent" that would qualify him as a creative professional,[2] Mr. Tang did not include any supportive facts in his statement of material facts. On this procedural basis alone—Mr. Tang's failure to include facts and citations to record evidence in his statement of material facts—the Court denies Mr. Tang's requested relief for the following reasons.

Mr. Tang's failure to include his facts and citations in a statement of material facts is not harmless error. By failing to include his record evidence in his statement of facts, Plaintiff was deprived of the opportunity to file counterevidence that clearly disputed Mr. Tang's record

---

2 Mr. Tang provided two facts related to the salary and fee requirements of the FLSA creative professional exemption. *See* DE 56 at ¶ 3-4. However, to succeed on his motion, Mr. Tang must sufficiently produce evidence supporting *all* requirements of the creative professional exemption.

6

evidence. And without citations to evidence from both parties on concrete, clearly defined facts, the Court is unable to accurately determine whether the parties have a dispute of material fact.

Local Rule 56.1 informed Mr. Tang of the potential consequences of failing to comply with that Rule. Local Rule 56.1(c) reads: "If a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement . . . [or] grant relief to the opposing party for any prejudice arising from a non-compliant statement." Mr. Tang was informed early in this case that Rule 56.1 would be strictly enforced. DE 21 at 12-13. The Court exercises its discretion to grant relief to the non-movant, Plaintiff, in the form of a ruling that Mr. Tang has provided no record evidence in support of the proposition that Plaintiff's duties were artistic or creative enough to qualify as a creative professional under the Fair Labor Standards Act. Lacking any such evidence, Mr. Tang's motion is denied on this basis alone.

    *c. Mr. Tang Fails to Meet his Threshold Burden as a Movant*

In the alternative, even if the Court found that Mr. Tang did include a relevant fact in his Statement of Material Facts as Local Rule 56.1 requires, Mr. Tang falls short of his threshold burden of persuasion.[3] When seeking summary judgment, "[t]he movant bears the responsibility for demonstrating the basis for the summary judgment motion." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). The movant has "the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Id.* As mentioned above, "[a]n issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

3 Because Mr. Tang falls short on the "creative" prong of the creative professional exemption, the Court need not reach the salary and fee requirements of the FLSA, although the Court briefly addresses this issue in the context of Plaintiff's cross-motion for partial summary judgment.

7

There is one fact in Mr. Tang's Statement of Material Facts that arguably could relate to whether Plaintiff's primary duties, as a chef, were imaginative or innovative: "[a]s a hibachi chef, Plaintiff 'prepare[d] distinct types of grilled food (which are served to customers who sit at tables situated around the grill) typically on a large metal flat grill.'" DE 56 at ¶ 2. The Court is unpersuaded that this single fact entitles Mr. Tang to relief. Stated differently, even if Plaintiff failed to file a response to Mr. Tang's motion, and this fact was deemed admitted by Plaintiff, the Court would not conclude that Plaintiff qualified for the creative professional exemption as a matter of law. Therefore, Mr. Tang has not met his initial burden as the movant on this issue, and his motion is denied on this basis alone.

> d. *Even if Defendant Met His Threshold Burden, Plaintiff's Counterevidence Creates a Genuine Issue of Material Fact*

Also in the alternative, even if Mr. Tang had met his initial burden of persuasion, Plaintiff provided counterevidence sufficient to demonstrate that there remains a genuine issue of material fact. Once the movant has met its burden, "the non-moving party must then 'go beyond the pleadings,' . . . [and] designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "[I]f a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion." *Id.*

In his response, Plaintiff disputes that the foods were "distinct," citing to Plaintiff's own affidavit to support the contention that the foods were ordered directly from a menu. DE 59 at ¶ 2. Plaintiff also cites evidence for the proposition that Plaintiff "neither regularly nor ever created or designed any dishes or menu items, let alone unique ones." *Id.* at ¶ 29. Second, Plaintiff cites

8

evidence that he "did not use his intellect or creativity in performing his job; rather, in preparing the hibachi meal for the customers, his primary duty involved grilling the hibachi food, using routine mental, manual, mechanical, and physical work, with tools." *Id.* at ¶ 30.

These facts demonstrate that there remains a genuine issue of material fact as to whether Plaintiff is a creative professional. First, the DOL guidelines emphasize the importance of tasks like the creation and design of unique menu items in determining whether a chef is a creative professional. 69 Fed. Reg. 22,122, 22,154 (Apr. 23, 2004); *see also Falken v. Glynn Cnty.*, 197 F.3d 1341, 1350 (11th Cir. 1999) ("We must defer to the DOL's interpretation of its FLSA regulations unless the interpretation is 'plainly erroneous or inconsistent with the regulation.'" (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). Courts have denied summary judgment on the basis that a chef only *assisted* in creating a restaurant's menu. *See, e.g.*, *Seok Hwi Cha v. YP's Kani, Inc.*, 317 F. Supp. 3d 1215, 1219 (N.D. Ga. 2018). Here, Mr. Tang has provided no evidence that Plaintiff contributed to the menu *at all*, and Plaintiff has provided evidence that he did not create any menu items. Second, Mr. Tang's evidence does not refer at all to Plaintiff's primary duty, even though a chef's primary duty is what governs inclusion in the creative professional exemption. Instead, only Plaintiff provides evidence of his primary duty, and in doing so supports the proposition that his primary duty was more like routine manual work than creativity. Third, neither party addresses another key point in the DOL regulations: whether the restaurant was gourmet.

Therefore, taking these facts in the light most favorable to Plaintiff as the non-movant, the Court finds that Mr. Tang has failed to demonstrate, as a matter of law, that Plaintiff was exempt from the FLSA as a creative professional. There remains a genuine issue of material fact

as to whether Plaintiff's duties required the kind of innovation or imagination necessary to satisfy the creative professional exemption.

### 2. Whether Mr. Tang was Plaintiff's Employer

Under the FLSA, an employee may seek damages not only from an employer company, but also from an employing individual, provided the individual is someone who "asserts control over the conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). Mr. Tang argues that the record evidence in this case clearly establishes that he did not assert control over Plaintiff or otherwise act as Plaintiff's employer; thus, Mr. Tang argues that he is exempt from liability.

Mr. Tang falls short here for the same reason as above: he failed to provide citations to record evidence supporting his contention in a statement of material facts under Local Rule 56.1. On this issue—whether Mr. Tang was Plaintiff's employer—Mr. Tang has provided no facts or citations to evidence in his statement of material facts.[4] The Court therefore denies Mr. Tang's requested relief for the same reasons in Part (A)(1)(b) above.

In the alternative, the Court denies Mr. Tang's requested relief on another ground. In his Motion for Summary Judgment, Mr. Tang cites to "Plaintiff's Verified Motion for Temporary or Permanent Injunction" which he filed in a state court case. Assuming *arguendo* that Mr. Tang cites to this document for the proposition that he was not Plaintiff's employer, and also assuming that this document qualifies as evidence the Court may consider at summary judgment under Rule 56(c), the document does not fully support Mr. Tang's proposition.

---

4 The facts that Mr. Tang does reference in his Statement of Facts stand for the proposition that he *was* Plaintiff's employer. *See, e.g.*, DE 56 at 2-3 ("Under the terms of the Partnership Agreement, [Mr. Tang was] to operate the Zaka Boca and Zaka Doral restaurants.").

10

By way of example, the document does not declare that Mr. Tang **did not** operate the restaurant business at issue. Instead, the document declares that Mr. Tang did not "**successfully** manage" the restaurant, which the Court views as being materially different from whether Mr. Tang **managed**—without qualification—the restaurant. Stated differently, the document does not establish that Mr. Tang did not function as Plaintiff's employer, but even if it did, there is record evidence for the opposite proposition.

A declaration authored by Mr. Tang at docket entry 13-1 states: "As part of my Managing Partner role . . . I am responsible for operating Zaka Boca" and "On February 15, 2023,[5] I started in my operating role of Zaka Boca" and "I handle the day-to-day operations of Zaka Boca, which includes: (a) the hiring and firing of employees and staff; (b) payroll . . . ." Because there is record evidence in support of the proposition that Mr. Tang was Plaintiff's employer, only the trier of fact can decide whether Mr. Tang was Plaintiff's employer. Mr. Tang's request for the Court to adjudicate this issue at summary judgment is denied.

### 3. Plaintiff's FLSA Retaliation Claim, Count IV

Mr. Tang argues that Plaintiff's fourth claim, a retaliation claim, fails as a matter of law. Plaintiff's Count IV alleges that Mr. Tang filed a state-court lawsuit against Plaintiff in retaliation for Plaintiff asserting his rights under the FLSA. Mr. Tang argues that he is entitled to summary judgment on Count IV for three reasons.

First, Mr. Tang argues that at the time the state-court suit was filed, Plaintiff was no longer an employee and, therefore, was no longer covered by the FLSA. For authority, Mr. Tang cites to a single district court order that conducted no analysis on the subject and did not rest its

---

5 These dates include Plaintiff's undisputed dates of employment. *E.g.,* DE 1 at 2-3; DE 56 at 2-3.

ultimate decision on the issue; instead, the cited district court order merely contains one quotation with tenuous support for Mr. Tang's position. *See Phillips v. M.I. Quality Lawn Maint., Inc.*, No. 10-20698, 2011 WL 13100468, slip op. at *7 (S.D. Fla. Mar. 30, 2011) ("First, [plaintiff] was no longer working for the Defendants."). In contrast, Plaintiff cites to a large amount of authority for the proposition that former employees retain their protection under the FLSA. *See* DE 75 at 17 (collecting cases). Broadly summarized, courts reason that there is nothing in the FLSA to indicate that Congress intended to penalize dissatisfied employees who voluntarily leave an employer. *See, e.g., Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir. 1972) (former employees who assisted in an FLSA investigation should be protected under the informer's privilege, because "there is no ground for affording any less protection to defendant's former employees than to its present employees"). The Court is unpersuaded that Mr. Tang is entitled to summary judgment on Count IV on this basis.

Second, Mr. Tang argues that he is immune from Plaintiff's (federal) FLSA retaliation claim under *Florida's* litigation privilege. That state-law privilege protects litigants from suits premised on acts occurring during the course of judicial proceedings. *E.g., Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1274 (11th Cir. 2004). However, while it may be true that the Florida litigation privilege can confer immunity to claims brought under *Florida* law, Mr. Tang cites to no case where a court dismissed a federal cause of action based upon Florida's litigation privilege. In contrast, Plaintiff does cite to authority—cases that stand for the common-sense proposition that a state-law privilege cannot confer immunity to federal causes of action. *E.g., Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1292 (S.D. Fla. 2011) (declining to apply Florida's litigation privilege to an FLSA retaliation claim) (quoting *Steffes v. Stepan Co.*, 144 F.3d 1070,

12

1074 (7th Cir. 1998) ("A state absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action.")). Thus, Mr. Tang is not entitled to summary judgment on Count IV on this basis.

Third and finally, Mr. Tang argues that he is entitled to summary judgment because his state court case is "not groundless but based upon the facts and law." DE 57 at 15. The Court is unaware of a legal basis for it to adjudicate on summary judgment whether a state-court case has merit, and Mr. Tang has provided none. In any event, Plaintiff responds with argument as to why, in his opinion, the state-court case *is* groundless and without merit. DE 58 at 18-20. The Court therefore concludes that, at a minimum, there is an open question as to whether the state court case is groundless, and the Court is unpersuaded that it should grant Mr. Tang summary judgment on Count IV on this basis.

The Court is concerned, however, about how Count IV can be submitted to a jury. More specifically, the Court poses the following questions to the parties: How can a jury decide whether the state-court case is groundless? Relatedly, upon what authority does Plaintiff suggest that such a question is appropriate for a jury's consideration? How would a jury be instructed to determine whether a state-court case is groundless? And finally, should Count IV be dismissed, severed, or stayed until such time as the state court case is adjudicated? The parties are **ORDERED** to file supplemental briefing that addresses the Court's questions by November 7, 2023. The supplemental briefing shall be no more than ten pages.

### B. *Plaintiff's Cross-Motion for Partial Summary Judgment*

Turning to Plaintiff's cross-motion, Plaintiff's Motion for Partial Summary Judgment is premised upon the contention that (i) Plaintiff was not compensated for the final days of his

employment and (ii) Plaintiff is therefore entitled to damages under the FLSA as a matter of law. In his Response, Mr. Tang argues that Plaintiff, as a creative professional, is exempt from the requirements of the FLSA. If Plaintiff was exempt, Mr. Tang argues, no Defendant can be liable under the FLSA for the alleged failure to compensate Plaintiff for the final days of his employment. Thus, if Mr. Tang raises a genuine issue of material fact as to whether Plaintiff was a creative professional, that genuine issue means that Plaintiff's motion for summary judgment must be denied. Above, in Part (A)(1), the Court concluded that Mr. Tang failed to meet his summary judgment burden (in the context of his own motion) to establish that, as a matter of law, Plaintiff was a creative professional. The Court did not address the inverse question of whether Plaintiff, as a matter of law, was *not* an exempt creative professional. The Court does so now.

As discussed above in Part (A)(1)(a), for an employee to be a creative professional two distinct requirements apply: the employee must be compensated on a salaried or fee basis and the employee's duties must involve invention, imagination, originality, or talent. Mr. Tang has filed in the court record[6] evidence relevant to both requirements—Plaintiff's compensation and Plaintiff's duties. The Court discusses each category of evidence in turn.

As for Plaintiff's compensation, Mr. Tang has provided evidence that Plaintiff was paid over $684 per week on a salary or fee basis. More specifically, in Mr. Tang's deposition he testified that Plaintiff was paid $190.00 per shift. DE 56-7 at 53:18-24.[7] Plaintiff also was

---

6 Pursuant to Rule 56(c)(3) of the Federal Rules of Civil Procedure, the Court possesses the discretion to consider evidence in the record that no party had cited to in a statement of material facts or a response to a statement of material facts. Here, the Court exercises its discretion to consider non-cited evidence when it analyzes Plaintiff's motion for partial summary judgment.

7 Plaintiff filed his own declaration in which he says the same. *See* DE 59-1 at ¶ 14.

guaranteed six shifts a week, according to Mr. Tang. DE 56-7 at 54:8-12.  Mr. Tang further testified that Plaintiff did not have specific hours and did not clock in, sometimes completing prep work the night before a shift. *Id.* at 55:3-8.  Finally, Mr. Tang attests that Plaintiff would arrive around 4:00 pm each day he had a shift but would leave any time between 8:00 pm and 9:30 pm. DE 13-1 at ¶ 13.  Taking these facts in the light most favorable to Mr. Tang as the non-movant, as the Court must, the Court concludes that there is at a minimum a genuine question of material fact as to whether a chef paid on a per-shift basis, who did not clock in, who worked variable hours, and whose compensation was unconnected to the number of hours worked was compensated on a salaried or fee basis.

As for Plaintiff's duties, Mr. Tang has provided evidence that Plaintiff's duties required invention, imagination, originality, or talent.  More specifically, in his deposition Mr. Tang testified that hibachi requires a "show." DE 56-7 at 20:19-21:1.  He also attested that he "consider[s] hibachi chefs to be entertainers." DE 13-1 at ¶ 9.  Additionally, Mr. Tang has provided evidence that stands for the proposition that hibachi chefs are "creative and entertaining," and that "[n]ot only did [Plaintiff] prepare filet mignon, lobster tails and very high-end cuisines, he's [sic] also did tricks, made comedic jokes and interacted with customers." DE 56-8 at ¶ 12.  Finally, Plaintiff's duties have been summarized by one observer as a "one man show." *Id.*  Viewing this evidence in the light most favorable to Mr. Tang, as the non-movant, this evidence creates a genuine issue of material fact as to whether Mr. Tang's duties involved invention, imagination, originality, or talent.

For all of the foregoing reasons, Mr. Tang has created a genuine issue of material fact as to whether Plaintiff qualified as a creative professional exempt from the FLSA.  As a result, the

Court is unpersuaded that Mr. Tang is *not* exempt from the FLSA's requirements as a matter of law and the Court denies Plaintiff's motion for partial summary judgment.[8]

### C. *Defendant Tang's Motion for Judgment on the Pleadings*

Defendant Tang's Motion for Judgment on the Pleadings seeks adjudication of two issues that the Court has already discussed: (i) whether Plaintiff is a creative professional and (ii) whether Plaintiff's Count IV should be dismissed pursuant to Florida's litigation privilege. A Court may only grant a motion for judgment on the pleadings, however, when the non-moving party could "prove no set of facts which would allow it to prevail." *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005). As the Court has already discussed, Plaintiff has record evidence in support of the proposition that (i) he is not a creative professional and (ii) that Count IV should not be dismissed pursuant to Florida's litigation privilege. Thus, Plaintiff *does* have a set of facts which would allow him to prevail, should a jury decide to credit his evidence. Accordingly, Mr. Tang's Motion for Judgment on the Pleadings is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Tang's Motion for Judgment on the Pleadings [DE 52], Defendant Tang's Motion for Summary Judgment [DE 57], and Plaintiff's Motion for Partial Summary Judgment [DE 53] are all **DENIED**. Additionally, this matter is hereby **REFERRED** for a settlement conference before the Honorable Magistrate Judge Bruce E. Reinhart, to be conducted no later than November 22, 2023. The parties are **ORDERED** to contact the

---

[8] Because Mr. Tang's evidence creates a genuine issue of material fact on the question of whether Plaintiff was a creative professional, that dispute of material fact applies to all of Plaintiff's requested relief, including the relief that Plaintiff seeks against other Defendants besides Mr. Tang. Accordingly, the Court need not discuss the response filed by Defendant Boca 888 LLC and Defendant Doral 888 LLC.

Chambers of Judge Reinhart by Friday, October 27, 2023, at noon. The parties' briefing on Count IV is due by November 7, 2023, as more fully set forth in Part III(A)(3). This matter remains on the Court's four-week trial calendar beginning on December 4, 2023.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of October, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record