UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-CV-80479-DSL

THANH M. HOANG,

          Plaintiff,

vs.

DORAL 888 LLC, *et al*,

          Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW [ECF No. 131]

Defendant Kenny Tang filed a Motion for Summary Judgment ("Third MSJ"). ECF No. 131. Plaintiff Thanh M. Hoang filed his Response in Opposition to the Motion for Summary Judgment ("Response to MSJ"). ECF No. 135. Mr. Tang has indicated that he will not be filing a Reply. ECF No. 139. The District Court referred this matter to me for a Report and Recommendation. ECF No. 133. I have reviewed the Third MSJ (ECF No. 131), Response to MSJ (ECF No. 135), Statement of Material Facts in Support of the Motion for Summary Judgment (ECF No. 132), Statement of Material Facts by Mr. Hoang (ECF No. 136), Memorandum in Opposition to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (ECF No. 137), Defendant's Notice Regarding Filing a Reply in Support of Summary Judgment (ECF No. 139), Notice of Supplemental Authority from Mr. Tang (ECF No.

140), Defendant's Motion for Summary Judgment ("Second MSJ") (ECF No. 57), and Omnibus Order Denying all Pending Motions and Referring this Matter to Settlement Conference ("Omnibus Order") (ECF No. 71). This matter is now ripe for decision. For the reasons below, Mr. Tang's Third MSJ (ECF No. 131) should be **DENIED** without prejudice because it is procedurally improper.[1]

## I.   PROCEDURAL HISTORY

Mr. Hoang filed his Complaint and demand for jury trial against Doral 888 LLC ("Doral 888"); Boca 888 LLC ("Boca 888"); and Mr. Tang ("Defendants") on March 27, 2023. ECF No. 1. Doral 888 and Boca 888 filed an Answer with affirmative defenses on May 8, 2023. ECF No. 12. On the same day, Mr. Tang filed a Motion to Dismiss or, alternatively, a Motion for Summary Judgment and Incorporated Memorandum of Law ("First MSJ"). ECF No. 13. Shortly thereafter, Mr. Hoang petitioned the Court for leave to file an amended complaint, which was granted and filed. ECF Nos. 27, 28, 30. The First MSJ was denied as moot. ECF No. 29.[2] Defendants filed their Answers to the Amended Complaint that included affirmative defenses. ECF Nos. 31, 32.

On September 5, 2023, Mr. Hoang filed a Motion for Partial Summary Judgment with Statement of Material Facts. ECF Nos. 53, 54, 55. Mr. Tang filed his Second MSJ and Statement of Material Facts on the same day. ECF Nos. 56, 57. The

---

[1] As the Third MSJ was improperly filed, I have not assessed its merits.

[2] Because the First MSJ was denied as moot, it will not be addressed in the analysis.

parties filed Responses, Replies, and additional Statements of Material Facts to the appropriate Motions. ECF Nos. 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68. Judge Rosenberg filed the Omnibus Order denying all pending motions, including the cross Motions for Summary Judgment. ECF No. 71. Mr. Hoang filed a Motion for Reconsideration on the Omnibus Order, which was subsequently denied, and the case was reassigned to Judge Leibowitz. ECF Nos. 78, 79, 89. Later, default was entered on Doral 888 and Boca 888. ECF Nos. 120, 123, 126, 127, 130.

Now, Mr. Tang has filed a his Third MSJ. ECF Nos. 131, 132. The parties have responded and replied to the Third MSJ. ECF Nos. 134, 135, 136, 137, 139, 140. The case is set for a jury trial on June 1, 2026. ECF No. 105.

## II.    MULTIPLE SUMMARY JUDGMENT FILINGS

"The local rules allow a party one chance to file a motion for summary judgment to dispose of the claims at issue" without the court's prior permission. *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1338 (S.D. Fla. 2007); S. D. Fla. L. R. 56.1(e). Pursuant to the Southern District of Florida Local Rule 56.1(e) titled "Prohibition Against Multiple Motions for Summary Judgment":

> Filing and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court. This prohibition does not preclude a party from filing both a motion for summary judgment asserting an immunity from suit and a later motion for summary judgment addressing any issues that may remain in the case. This prohibition also is not triggered when, as permitted by Fed. R. Civ. P. 12(d), the Court elects to treat a motion filed pursuant to Fed. R. Civ. P. 12(b) or 12(c) as a summary judgment motion.

S. D. Fla. L. R. 56.1(e). This Rule "affords the Court discretion to permit a party to file multiple summary judgment motions despite the Rule's general prohibition against doing so." *Bill v. Ypsilantis*, No. 22-cv-61514, 2023 WL 8004718, at *3-4 (S.D. Fla. Nov. 17, 2023).

### III.    ANALYSIS

Pursuant to Southern District of Florida Local Rule 56.1(e), Mr. Tang cannot file an additional Motion for Summary Judgment without first requesting leave from the Court. Mr. Tang has not requested leave from the Court. The only exceptions to requesting leave from the Court to file an additional Motion for Summary Judgment would be (1) filing summary judgment regarding immunity from suit with a later motion for summary judgment handling substantive case issues, or (2) "as permitted by Fed. R. Civ. P. 12(d), the Court elects to treat a motion filed pursuant to Fed. R. Civ. P. 12(b) or 12(c) as a summary judgment motion." S. D. Fla. L. R. 56.1(e). Mr. Tang does not meet either of these exceptions.

Mr. Tang's Second MSJ was filed as a Motion for Summary Judgment—not any other motion. The Second MSJ was based on the merits of his case for Counts I, II, and IV of his Amended Complaint. ECF No. 57. Similarly, the Omnibus Order did not state that the Court interpreted the Second MSJ as anything other than a Motion for Summary Judgment.[3] As a result, the Omnibus Order analyzed the Second MSJ

---

[3] The Court's Omnibus Order also addresses Mr. Tang's Motion for Judgment on the Pleadings separately. ECF No. 71 at 3, 16.

on its merits. *See* ECF No. 71 at 3-13. Finally, Mr. Tang does not provide any reason as to why the Court should overlook this procedural violation. ECF Nos. 131, 140.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court Deny Mr. Tang's Third MSJ without prejudice to him seeking leave to have it considered on the merits.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David S. Leibowitz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach

County, in the Southern District of Florida, this 27th day of February 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE