UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80479-DSL

THANH M. HOANG,

Plaintiff,

v.

DORAL 888 LLC, *et al*.,

Defendants.

_____________________________________/

**REPORT AND RECOMMENDATION**
**ON MOTION TO DISMISS COUNT II [ECF No. 184]**

Defendant Kenny Tang moves to dismiss Count II of the Amended Complaint under Rule 12(h)(3) for lack of subject matter jurisdiction ("Motion"). ECF No. 184. Mr. Tang says Count II is moot because all required minimum wages have been tendered to Plaintiff Thanh Hoang. ECF Nos. 30, 184. A response was due on September 2, 2026. ECF No. 184. To date, a response has not been filed. The Motion is ripe for decision. For the following reasons, the Motion should be **DENIED**.

I. PROCEDURAL POSTURE

On June 12, 2023, Mr. Hoang filed an Amended Complaint against Defendants with multiple counts asserting various wage and hour violations. ECF No. 30. Defendants answered. ECF Nos. 31, 32. Mr. Tang and Mr. Hoang each filed motions for summary judgment, which were granted in part and denied in part. ECF Nos.

168, 173, 182. As it relates to Count II, Judge Leibowitz found in Mr. Hoang's favor at summary judgment. ECF No. 182 at 13. Subsequently, Mr. Tang moves to dismiss Count II. ECF No. 184.

## II. LEGAL BACKGROUND

### A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Sream, Inc. v. Enshirah, Inc.*, No. 16-CV-81606, 2017 U.S. Dist. LEXIS 94064, at *3 (S.D. Fla. Apr. 27, 2017) (citing Fed. R. Civ. P. 12(h)(3)). "Thus, under Rule 12(h)(3) . . . the defense of lack of subject matter jurisdiction may be raised at any time by motion of a party or otherwise." *Id.* (quoting *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1218 (M.D. Fla. 2003)).

"Subject-matter jurisdiction is the court's 'statutory or constitutional power to adjudicate the case.'" *Parsons v. Regna*, 847 F.App'x 766, 770 n.8 (11th Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted). The Court has an independent duty to assure its own subject matter jurisdiction. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006); *U.S. v. Hays*, 515 U.S. 737, 742 (1995).

B. *Unpaid Minimum Wage*

The Fair Labor Standards Act ("FLSA") sets the federally required minimum hourly wage. 29 U.S.C. § 206. Under Section 207 of the FLSA, overtime compensation of "one and one-half times the [employee's] regular rate" is required for each hour worked in excess of forty hours per week. 29 U.S.C. § 207.

Further, The FLSA permits the court to award "in addition to any judgment awarded to the plaintiff or plaintiffs, [ ] a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## III. ANALYSIS

Mr. Tang moves to dismiss Count II of the Amended Complaint with prejudice because the Court no longer has subject matter jurisdiction. ECF No. 184. He says the Court no longer had jurisdiction because Mr. Tang fully paid Mr. Hoang for the minimum wage violations pled in Count II. *Id.* Mr. Hoang did not respond.

Mr. Tang cites various cases, including *Gathagan v. Rag Ship/Hollywood, Inc.*, to support his Motion. No. 04-80520-CIV, 2005 WL 6504414 (S.D. Fla. Feb. 10, 2005). In that case, the parties settled, the defendant paid the plaintiff, and the parties "agreed to work out an attorneys' fees arrangement." *Id.* at *1. The plaintiff filed a Notice of Settlement and Motion to be Declared the Prevailing Party. *Id.* Subsequently, the defendant moved to dismiss for lack of subject matter jurisdiction because full payment was tendered to the plaintiff, which mooted the action. *Id.* The court held "Defendant's tender of Plaintiff's maximum recoverable damages has rendered her case moot, and the motion to dismiss with prejudice is granted." *Id.* at

*2.

However, I find *Gathagan* distinguishable from the case at bar. Notably, the parties agreed to work out attorney fees after a settlement had occurred in *Gathagan*. In contrast, Mr. Hoang makes no mention of attorney fees in his Motion. Additionally, Mr. Tang argues, "[T]he settlement of a plaintiff's claim moots an action," but Mr. Hoang and Mr. Tang did not settle. ECF No. 184 at 2 (citation omitted). Rather, Judge Leibowitz found *against* Mr. Tang at summary judgment for Count II and the parties are awaiting entry of final judgment.

The FLSA expressly permits the Court to assess attorney fees against a defendant *in addition to any judgment*. 29 U.S.C. § 216. Once final judgment is entered, Mr. Hoang can seek attorney fees. Generally, a party must move for attorney fees within sixty (60) days of final judgment. S.D. Fla. Loc. R. 7.3(a)(1). As a result, the attorney fee issue remains open. Therefore, I find that the Court continues to have subject matter jurisdiction over Mr. Tang on Count II to assess attorney fees.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David Leibowitz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file

objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of September 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE