**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:23-cv-80479-LEIBOWITZ/REINHART**

**THANH M. HOANG,**
*Plaintiff*,
*v.*

**DORAL 888 LLC, *et al.*,**
*Defendants.*
______________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Report and Recommendation on Defendant Kenny Tang's Motion To Dismiss Count II of the Amended Complaint under Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction [ECF No. 188] (the "R&R"), recommending the Motion be DENIED. Tang filed Objections to the R&R [ECF No. 191], which the undersigned has considered along with Tang's Motion, the R&R, relevant portions of the record and the governing law. Finding no error, the Court fully ADOPTS and AFFIRMS the R&R, as discussed below.

## I. PROCEDURAL HISTORY

On March 27, 2023, Plaintiff Thanh M. Hoang ("Hoang") filed a Complaint and demand for jury trial against Doral 888 LLC ("Doral 888"), Boca 888 LLC ("Boca 888"), and Kenny Tang ("Tang") (collectively "Defendants"), under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. [Compl., ECF No. 1]. A Clerk's default was entered against Defendants Doral 888, LLC and Boca 888, LLC on January 29, 2026. [*See* ECF Nos. 120, 123, 126, 127, 130]. On August 4, 2026, the Court granted summary judgment against Tang and in favor of Hoang on Count II of the Amended Complaint. [ECF No. 182]. On September 9, 2026, Final Judgment was entered against Tang in the amount of $435.00 in unpaid minimum wages and $458.00 in liquidated damages. [ECF No. 190].

On August 19, 2026, Tang tendered $870.00 to Hoang and thereafter moved to dismiss Count

II of the Amended Complaint for lack of subject-matter jurisdiction. [ECF No. 184].

The R&R recommends denying the Motion because the Court retains jurisdiction to award attorney's fees under the FLSA if Hoang pursues them. [ECF No. 188 at 4–5]. On August 25, 2026, the undersigned referred the Motion to U.S. Magistrate Judge Bruce E. Reinart for a report and recommendation. [ECF No. 187]. On September 4, 2026, Judge Reinhart recommended denying the Motion because the Court retains jurisdiction over this action to award attorney's fees to Hoang as the prevailing party on Count II of the Amended Complaint under the FLSA. [ECF No. 188 at 1, 4].

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## III. DISCUSSION

Tang lodges two objections to the R&R: (1) Tang's tendering full payment to Hoang before the Court entered Final Judgment mooted Count II of the Amended Complaint, depriving the Court of subject-matter jurisdiction [ECF No. 191 at 3–8]; and, in any event, (2) Hoang is not a "prevailing party" under the FLSA's fees-shifting provision [*id.* at 8]. The first objection simply re-litigates the argument set forth in Tang's Motion, which Judge Reinhart considered and rejected. [*See* ECF Nos.

184, 188]. Upon *de novo* review, the Court agrees with Judge Reinhart that Tang's payment of $870.00 to Hoang after the Court had granted summary judgment against Tang on Count II did not moot the claim. Had Tang paid Hoang his full wages before summary judgment was entered against him, that would be a different matter.

As for the second objection, the Court need not consider it as Tang cites case law only. [*See* ECF No. 191 at 7]. Tang does not show how that caselaw applies to this case in the manner advocated—that Hoang is not a prevailing party under the FLSA. *See Schultz*, 565 F.3d at 1361.

## IV. CONCLUSION

Having reviewed the Motion, the R&R, the objections, relevant portions of the record, and the governing law, it is hereby **ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's Report and Recommendation [ECF No. 188] is ADOPTED and AFFIRMED and fully incorporated into this Order.

2. Defendant's Objections [ECF No. 191] are OVERRULED.

3. The Motion [**ECF No. 184**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 23, 2026.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record