UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 9:23-CV-80479-DSL

THANH M. HOANG,

Plaintiff,

v.

DORAL 888 LLC, *et al.*,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 183)**

Plaintiff Thanh M. Hoang moved for default judgment ("Motion") against Defendants Doral 888 LLC ("Doral") and Boca 888 LLC ("Boca") (together, "Corporate Defendants") under Federal Rule of Civil Procedure 55. ECF No. 183. U.S. District Judge David Leibowitz referred the Motion to me for a report and recommendation. ECF No. 187. For the reasons discussed below, it is **RECOMMENDED** that the Motion should be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Mr. Hoang filed his Amended Complaint for unpaid wages and retaliation under the FLSA and Florida common law. ECF No. 30. Summonses were issued for the Corporate Defendants on March 28, 2023. ECF No. 3. The docket does not reflect that the entities were served, nor that the summonses were returned executed. Nonetheless, the Corporate Defendants appeared and responded to the Amended

Complaint. ECF Nos. 16, 17, 31. The Corporate Defendants filed a Notice of Completion of Production. ECF Nos. 41, 42.

Subsequently, the Corporate Defendants' attorney requested to withdraw; Judge Leibowitz initially denied the request, and warned the Corporate Defendants about the effect of proceeding without counsel. ECF Nos. 107, 109. Upon renewed motion by the attorney, Judge Leibowitz permitted the attorney to withdraw on December 12, 2025. ECF Nos. 112, 124. The Corporate Defendants were notified that they must retain new counsel by December 31, 2025, at which time "**Plaintiff may move for entry of a Clerk's default against them**" if they chose not to retain new counsel. ECF No. 115 (emphasis in original). The Corporate Defendants remained unrepresented.

Mr. Hoang filed a Motion for Clerk's Entry of Default on January 9, 2026, and subsequently filed a corrected Motion on January 28, 2026; the Clerk entered default on January 29, 2026. ECF Nos. 120, 123, 127, 130. The Corporate Defendants did not respond to the Motion for Clerk's Entry of Default. Subsequently, Mr. Hoang filed a motion for summary judgment against the Corporate Defendants, which Judge Leibowitz denied, and told Mr. Hoang to file a motion for default judgment. ECF No. 182. Now, Mr. Hoang files this Motion seeking entry of default, an award of damages, and entitlement to attorney fees with the amount to be determined at a future time. ECF No. 183.

## II. LEGAL STANDARD

"Entry of judgment by default is a drastic remedy which should be used only in extreme situations." *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (per curiam) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Under Federal Rule of Civil Procedure 55(b), a court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b). "Before judgment may be entered against a defendant, the defendant must have been served properly or have waived service of process." *Fortson*, 602 F. App'x at 481.

> A defendant may waive service of process by returning to the plaintiff a signed waiver of service form. Fed. R. Civ. P. 4(d). Otherwise, a plaintiff must properly serve the defendant, which he can do by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1)."

*Golson v. Pineda*, 693 F. App'x 850, 850-51 (11th Cir. 2017) (per curiam).

After entry of default, the court may enter default judgment against a defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). When default judgment is entered, "the defendant 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "The defendant, however, is not held to admit facts that are not well-pleaded or to admit

conclusions of law." *S.E.C. v. Wright,* 261 F. App'x. 259, 261 (11th Cir. 2008) (citing *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005)).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). The Eleventh Circuit has explained that this standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see also United States v. Genesis II Church of Health and Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (same). "'While a complaint . . . does not need detailed factual allegations,' a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusion, and formulaic recitation of the elements of the cause of action will not do.'" *Fernandez de Cordoba v. Flores*, No. 17-cv-20122, 2018 WL 1830805, at *2 (S.D. Fla. Jan. 10, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *report and recommendation adopted*, 2018 WL 1811945 (S.D. Fla. Feb. 9, 2018). "[E]ven after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Tabuteau v. HSBC USA, Nat'l Ass'n,* No. 14–CV–21513, 2014 WL 4219588, at *1 (S.D. Fla. Aug. 25, 2014) (citing *Nishimatsu,* 515 F.2d at 1206).

If the admitted facts are not sufficient to show liability, the Court can allow the movant to supplement the evidentiary record. Fed. R. Civ. P. 55(b)(2)(C), (D). If liability exists, the Court must then turn to the question of relief. *Chudasama v.*

*Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). After ascertaining the appropriate amount of damages, the Court must enter final judgment in that amount. *Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## III. LEGAL BACKGROUND

### A. *Fair Labor Standards Act*

The Fair Labor Standards Act ("FLSA") sets the federally required minimum hourly wage. 29 U.S.C. § 206. Under Section 207 of the FLSA, overtime compensation of "one and one-half times the [employee's] regular rate" is required for each hour worked in excess of forty hours per week. 29 U.S.C. § 207.

#### 1. FLSA: Unpaid Overtime Wages

"An employee's regular rate is 'the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed.'" *Nguyen v. Kabashi*, No. 23-CV-61057, 2025 WL 2427718, at *4 (S.D. Fla. July 15, 2025) (quoting *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017)), *report and recommendation adopted*, 2025 WL 2427648 (S.D. Fla. Aug. 4, 2025). On an FLSA claim for unpaid overtime wages, the employee must prove: "(1) he 'worked overtime without compensation,' and (2) the employer 'knew or should have known of the overtime work.'" ECF No. 182 (quoting *Guevara v. Lafise Corp.*, 127 F.4th 824, 830 (11th Cir. 2025)).

2. FLSA: Minimum Wage

"To prove a claim under the FLSA for unpaid wages, an employee must show: '(1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages.'" *Id.* (quoting *Ray v. Adams & Assocs., Inc.*, 599 F. Supp. 3d 1250, 1256 (S.D. Fla. 2022)).

3. Entitlement under the FLSA

"Under the FLSA, liquidated damages are mandatory absent a showing of good faith by the employer." *Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 555 (11th Cir. 2015). Good faith means the employer "had reasonable grounds for believing that his act or omission was not a violation of the" FLSA. *See Cornelius v. Rollins Ranches, LLC*, No. 22-12862, 2024 WL 1134566, at *3, (11th Cir. Mar. 15, 2024) (per curiam); 29 U.S.C. § 260. Liquidated damages are assessed in an amount equal to their recovery of minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b).

B. *Common Law Unpaid Wages*

> Florida statutes do not create an independent cause of action for unpaid wages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009). Rather, claims for unpaid wages must be brought pursuant to "some other law." *Id.*; *Edwards v. Niles Sales & Serv. Inc.*, 439 F. Supp. 2d 1202, 1208 n.6 (S.D. Fla. 2006). "Actions for unpaid wages are typically pled as breach of contract claims wherein the agreement in question happens to be an employment or compensation contract." *Vega*, 564 F.3d at 1271.

*Thompson v. Connect Sols. Worldwide, LLC*, No. 23-14349, 2024 U.S. Dist. LEXIS 224630, at *7-8 (S.D. Fla. Sep. 25, 2024); *see Hepburn v. Luxurban Hotels, Inc.*, No. 23-CV-24380, 2025 WL 1094157, at *4 (S.D. Fla. Jan. 6, 2025) (construing a claim for

agreed-upon wages as a breach of contract claim); *see St. Charles v. Int'l Sec. Guard Servs., Inc.*, No. 24-CV-22063, 2026 WL 513528, at *2-3 (S.D. Fla. Feb. 24, 2026) (same).

> Under Florida law, a plaintiff must plead the following to support a valid breach of contract claim: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *See, e.g., Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. App. Ct. 2008). To adequately plead the existence of a contract, a plaintiff must allege: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

*Thompson*, 2024 U.S. Dist. LEXIS 224630, at *7-8.

## IV. FACTUAL ALLEGATIONS

The following allegations are taken from the Amended Complaint. For the purposes of default judgment, well-pleaded allegations are deemed admitted. *SEC v. Weight*, 261 F. App'x 259, 261 (11th Cir. 2008) (per curiam).

The Corporate Defendants jointly operate Zaka Modern Japanese Cuisine. ECF No. 30 ¶¶5-7. Mr. Hoang was employed as a hibachi cook. *Id.* ¶7. From August to October 2022, Mr. Hoang worked every day of the week. *Id.* ¶13. On Sunday through Friday, Mr. Hoang worked six hours (3:30-9:30 p.m.) per day; and six and a half hours per day on Saturday (3:30-10:00 p.m.). *Id.* Mr. Hoang was paid $180.00 per shift. *Id.* ¶¶13, 14. Beginning in October 2022, the Corporate Defendants paid Mr. Hoang $35.00 per hour without payment for overtime, despite not working more than forty hours per week during this time. *Id.* On March 10, 2023, Mr. Hoang was fired. *Id.* ¶15.

## V. LIABILITY ANALYSIS

### A. *Service of Process*

To enter default judgment, defendants must be properly served. Here, there is insufficient evidence to support finding that the Corporate Defendants were properly served. Nothing on the docket reflects that the Corporate Defendants were served.

However, the Corporate Defendants filed an Answer to the Amended Complaint and failed to raise proper service of process as an affirmative defense. ECF No. 31. At best, the Answer says, "The Defendants reserve the right to assert such additional affirmative defenses that may appear provable and applicable," but the Corporate Defendants never raised this defense while represented, and have not appeared since their counsel withdrew. *Id.* at 6. Further, Judge Leibowitz warned Corporate Defendants before their counsel withdrew that they may be subject to default judgment if new counsel did not appear to represent them. ECF No. 109. They did not oppose, raise any affirmative defense, or otherwise comment on this potential outcome.

Accordingly, I find that the Corporate Defendants should be deemed to have been properly served for the purpose of default judgment. Fed. R. Civ. P. 12(h).

### B. *Sufficiently Pled Allegation*

1. <u>FLSA Unpaid Overtime (Count I)</u>

Mr. Hoang moves for default judgment on Count I for unpaid overtime under the FLSA against the Corporate Defendants. ECF No. 183 at 5-6.

Based on his typical hours, Mr. Hoang worked 2.5 hours of overtime each week (total of 42.5 hours) between August and October 2022. ECF No. 30 ¶13. For these hours, Mr. Hoang was paid $180.00 per shift in cash. *Id.* He was not paid any additional amount for the hours that constituted overtime. *Id.* Therefore, there are sufficient facts to find that Mr. Hoang worked overtime.

The second element is closer. The element is initially pled in a conclusory manner, "The Defendants knew or had reason to know Hoang worked hours, including in excess of forty (40), during one or more workweeks." *Id.* ¶18. This statement, itself, is not entitled to the assumption of truth unless there is a factual basis to support it. The Amended Complaint does not say how Mr. Hoang's schedule was set, or how it was tracked. Nonetheless, I find the Corporate Defendants should have known of Mr. Hoang's overtime hours based on the facts Mr. Hoang pled. Because Mr. Hoang worked over forty hours for multiple months and was on the premises daily, I find Corporate Defendants should have been aware of his overtime hours. *Id.* ¶13.

Therefore, Mr. Hoang has sufficiently pled Count I and should be entitled to default judgment against Corporate Defendants.

2. <u>FLSA Minimum Wage (Count II)</u>

Mr. Hoang seeks default judgment on his FLSA minimum wage violation for Count II. ECF No. 183 at 6-7.

The first two elements are adequately pled in the Amended Complaint. ECF No. 30 ¶¶7, 8 (explaining Mr. Hoang was employed by the Corporate Defendants and

he "handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff and other employees by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to the employees' use of the same" and provided examples of the items from interstate commerce, including various food items and plasticwares).

Finally, Mr. Hoang must plead that the Corporate Defendants failed to pay minimum wage, and he does. The Amended Complaint says Mr. Hoang did not receive approximately $2,000.00 in wages between February 27, 2023, and March 10, 2023, for a total of 60 hours of work completed. *Id.* ¶16. Thus, I find the Amended Complaint plausibly pleads Count II, and Mr. Hoang is entitled to default judgment against Corporate Defendants for his FLSA unpaid minimum wages.

3. Florida Common Law Minimum Wage (Count III)

Mr. Hoang seeks default judgment on Count III, his breach of contract claim pled as an agreed-upon unpaid wages claim. ECF No. 183 at 7-8.

The Amended Complaint does not reference a contract, nor does it plead the required contract elements of offer, acceptance, and consideration. At best, the Amended Complaint says, "The corporate Defendants employed Hoang . . ." and "At not [sic] time was Hoang paid on a salary basis, let alone at the guaranteed rate of $684.00 per week." ECF No. 30 ¶¶7, 14.

Even assuming the phrase "guaranteed rate" implies there is a contract, this phrase is a conclusory statement that the parties had entered into an employment agreement; conclusory statements without sufficient facts are insufficient to find in

favor of a party at default judgment. *Bank of B.N.Y. Mellon v. Morandini*, No. 17-CV-22595, 2018 WL 11317007, at *1 (S.D. Fla. Mar. 18, 2018). Therefore, I do not find that the Amended Complaint sufficiently pleads that a contract exists between Mr. Hoang and the Corporate Defendants. As a result, the Motion should be DENIED on Count III.

## VI. ENTITLEMENT ANALYSIS

Mr. Hoang says he is entitled to recover $3,127.80[1] for Counts I, II, and III. ECF No. 183 at 9; ECF No. 193 at 2.

### A. *Count I Damages*

Mr. Hoang says he is owed $592.80 for unpaid overtime wages ($296.40) and liquidated damages ($296.40) on Count I. ECF No. 193. The calculation arises from his pay of $180.00 per shift, which was intended to compensate him for 42.5 hours per week. *Id.* Based on his hours worked, Mr. Hoang was receiving almost $30.00 per hour. *Id.* The Amended Complaint says Mr. Hoang worked 2.5 hours of overtime per week between August 2022 and October 2022. ECF No. 30 ¶13. With overtime of approximately 2.5 hours per week and $14.82 in overtime per hour, he is entitled to $296.40 in unpaid overtime compensation for Count I.[2] ECF No. 193.

---

[1] I held a hearing with Mr. Hoang's counsel to discuss his entitlement calculations. ECF Nos. 189, 192. In his Motion, Mr. Hoang seeks $3,120.00 for Counts I, II, and III. ECF No. 183 at 9. But, in the hearing, Mr. Hoang was asked to provide supplemental briefing to explain his calculations. Based on his revised calculations, Mr. Hoang seeks $3,127.80 for Counts I, II, and III. ECF No. 193.

[2] Despite the number of hours being an estimate because the specific number of weeks has not been provided, the Court is permitted to rely on Mr. Hoang's estimate in assessing his entitlement. *Dewitt v. Daley*, No. 05-61418-CIV, 2007 U.S. Dist. LEXIS

Relatedly, Mr. Hoang is entitled to another $296.40 in liquidated damages on Count I. Corporate Defendants have not shown, nor do I find, that the Corporate Defendants had a good faith basis to not award Mr. Hoang his overtime pay. In fact, the Corporate Defendants should have been aware that Mr. Hoang was not being adequately paid. Therefore, Mr. Hoang is entitled to a total of $592.80 in damages on Count I.

B. *Count II Damages*

Mr. Hoang seeks $870.00 for unpaid minimum wages ($435.00) and liquidated damages ($435.00) on Count II. ECF No. 183 at 6; ECF No. 193. He requests the recovery to be joint and several with Defendant Kenny Tang. ECF No. 183 at 7; ECF No. 193. He says he is entitled to recovery "for approximately sixty (60) hours worked between February 27 and March 10, 2023, for which Hoang received no compensation" at the federal minimum wage of $7.25 per hour. ECF No. 183 at 6. This amount arises from Mr. Hoang working his normal hours for approximately two weeks. ECF No. 30 ¶26; ECF No. 183 at 6-7.

I agree that Mr. Hoang is entitled to $435.00 in unpaid minimum wages for Count II. Once again, the Court is permitted to rely on Mr. Hoang's estimate in assessing his entitlement. *Dewitt*, 2007 U.S. Dist. LEXIS 110678, at *28-29. At a rate of $7.25 per hour, Mr. Hoang earned, but was not compensated for, $435.00 for sixty hours of work. 29 U.S.C. § 206(a)(1)(C) (federal minimum wage is $7.25 per hour.).

110678, at *28-29 (S.D. Fla. Apr. 2, 2007) (allowing for recovery by an employee for their work, even if hours are estimated).

Further, I do not find good cause as to why liquidated damages should not be assessed against the Corporate Defendants in the amount of $435.00 on Count II.

However Mr. Hoang is not entitled to payment on Count II. On August 19, 2026, Mr. Tang filed a motion explaining that he had paid Mr. Hoang the $870.00 assessed against him by the Court's prior order (ECF No. 182) on Count II. ECF Nos. 184, 184-1. As a result, Mr. Hoang is not entitled to further recovery for Count II. *St. Charles v. Int'l Sec. Guard Servs., Inc.*, No. 24-CV-22063, 2025 WL 4643267, at *15 (S.D. Fla. Dec. 3, 2025) ("the Court has an independent obligation to prevent double recovery of the same unpaid wages under overlapping legal theories"), *report and recommendation adopted*, 2026 WL 513528 (S.D. Fla. Feb. 25, 2026).

C. *Count III Damages*

Mr. Hoang says he is entitled to $1,665.00 ("$2,100 less credit for the $435.00 wage component") in additional agreed-upon wages under his employment contract. ECF Nos. 183; 193. I disagree. Because Mr. Hoang failed to plead that there was a contract with the Corporate Defendants, I do not find that the $1,665.00 in agreed-upon wages is recoverable.

**REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT in part and DENY in part the Motion. Mr. Hoang is entitled to $592.00 in damages.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David Leibowitz, United States District Court

Judge for the South ern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of September 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE