UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80479-DSL

THANH M. HOANG,

Plaintiff,

vs.

DORAL 888 LLC, *et al.*,

Defendants.

_______________________________________/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SET ASIDE THE JUDGMENT [ECF No. 201]**

Defendant Kenny Tang moves to set aside the final judgment (ECF No. 190) pursuant to Federal Rules of Civil Procedure 59 and 60. ECF No. 201 (the "Motion"). The Motion seeks two forms of relief: (1) setting aside the final judgment and (2) correcting a typographical error. *Id.* The Motion has been referred to me for a report and recommendation. ECF No. 202. It is also ripe for decision. ECF Nos. 203, 204. For the following reasons, I recommend the Motion be **GRANTED in part** and **DENIED in part**.

## I. LEGAL BACKGROUND

### *A. Rule 59*

Rule 59(e) permits a party to ask the Court to alter or amend a judgment by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ.

P. 59(e). "The decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). In fact, these motions "rarely arise" and reconsideration "should be equally rare." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1293 (S.D. Fla. 2012) (citation omitted); *Wendy's Int'l v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996) ("reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.").

"[A] party may ask a district court to reconsider an earlier ruling . . . based upon 'newly discovered evidence or manifest errors of law or fact.'" *Hill v. Escambia Cnty. Sheriff's Off.*, No.21-10631, 2022 WL 1297809, at *3 (11th Cir. 2022) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). Further, the party seeking to modify the judgment has the burden of persuasion. *Arch Ins. Co. v. A3 Dev., LLC*, No. 23-cv-23524, 2026 WL 1067012, at *2-3 (S.D. Fla. Apr. 20, 2026); *Borchardt v. Mako Marine Int'l*, No. 08-61199-CIV, 2010 U.S. Dist. LEXIS 151853, at *2-3 (S.D. Fla. Oct. 8, 2010).

*B. Rule 60*

1. Correcting Clerical Mistakes

Rule 60(a) allows the Court to correct clerical mistakes:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own,

> with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). "Clerical mistakes include inadvertent typographical and computational errors and omissions." *Paladin Shipping Co. v. Star Capital Fund, LLC*, No. 10-cv-21612, 2014 WL 12685861, at *4 (S.D. Fla. Sep. 8, 2014). The correction "may be brought at any time and does not extend the time for filing post-judgment motions." *Id.* However, "Courts will construe Rule 60(a) narrowly to 'bolster the finality of judgments and to block circumvention of more restrictive means to obtain review of orders and judgments in the district court.'" *Id.* (citation omitted).

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the government's blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

*Id.* (citations omitted). The party seeking to correct the judgment has the burden of persuasion. *See Drevaleva v. Wilkie*, No. 19-02665, 2020 U.S. Dist. LEXIS 9884, at *1 (N.D. Cal. Jan. 21, 2020).

2. Relief from Final Judgment

Rule 60(b) allows relief from final judgment for "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; "fraud . . . misrepresentation or misconduct"; a void judgment; a judgment that has been "satisfied, released, or discharged"; or any other justified relief. The motion seeking relief must be made "within a reasonable time." Fed. R. Civ. P. 60(c). The party seeking relief has the burden of persuasion. *Commodores Entm't Corp. v. McClary*, 822 F. App'x 904, 911 (11th Cir. 2020) (per curiam).

*C. Creative Professional Exemption*

"The Fair Labor Standards Act of 1938 (FLSA) guarantees that covered employees receive overtime pay when they work more than 40 hours a week." *Helix Energy Sols. Grp., Inc., v. Hewitt*, 598 U.S. 39, 43 (2023). "The FLSA exempts from minimum wage and overtime requirements 'creative professionals,' that is, employees whose 'primary duty [is] the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor as opposed to routine mental, manual, mechanical or physical work.'" *Senne v. Kan. City Royals Baseball Corp.*, 315 F.R.D. 523, 580 (N.D. Cal. 2016) (alteration in original) (quoting 29 C.F.R. § 541.302). The exemption

> generally is met by actors, musicians, composers, conductors, and soloists; painters who at most are given the subject matter of their painting; cartoonists who are merely told the title or underlying concept of a cartoon and must rely on their own creative ability to express the concept; essayists, novelists, short-story writers and screen-play writers

> who choose their own subjects and hand in a finished piece of work to their employers (the majority of such persons are, of course, not employees but self-employed); and persons holding the more responsible writing positions in advertising agencies.

29 C.F.R. § 541.302(c). To qualify for the exemption, the individual must be "[c]ompensated on a salary or fee basis pursuant to § 541.600 at a rate of not less than $684 per week . . . exclusive of board, lodging or other facilities." 29 C.F.R. § 541.300.

## II. ANALYSIS

### *A. Failing to Address the Affirmative Defense*

Mr. Tang argues the Order granting Summary Judgment on Count II failed to address his creative professional affirmative defense. ECF No. 201. Mr. Hoang responds that there is no basis for reconsideration and "[t]he absence of a separate discussion does not itself establish that the exemption applies or that the judgment is erroneous." ECF No. 203. Further, he argues on the merits why the affirmative defense is inapplicable. *Id.*

1. <u>Timeliness</u>

As a preliminary matter, Mr. Tang's Motion was timely filed and should be considered under Rule 59(e). The Omnibus Order was entered on August 3, 2026. ECF No. 182. Final Judgment was entered on September 9, 2026. ECF No. 190. Mr. Tang's Motion was filed on October 7, 2026. ECF No. 201.

2. <u>Creative Professional Affirmative Defense</u>

Rule 59(e) does not provide a reason to change the judgment. The creative professional affirmative defense fails on the merits because Mr. Hoang was not guaranteed a minimum weekly salary.

When Mr. Hoang began working, he was paid $35 per hour, every two weeks. ECF No. 182 at 2; ECF No. 81 ¶¶V.8, 11. Subsequently, Mr. Hoang received $190 per shift, and was guaranteed 5 shifts per week (minimum of $950 per week). ECF No. 182 at 3, 8; ECF No. 81 ¶¶V.12-14; ECF No. 178 at 13. For his final two weeks of work, Mr. Hoang was not paid for his work. ECF No. 182 at 8. The Code of Federal Regulations says this payment evidence is not enough to invoke the creative professional exemption:

> An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned.

29 C.F.R. § 541.604.

Shift-based compensation satisfies the salary requirement only if the party is guaranteed a salary *regardless* of any per shift, daily, or hourly compensation. 29 C.F.R. § 541.604(b); *Helix,* 598 U.S. at 46-47. As succinctly argued by Mr. Hoang, "Guaranteed shifts do not themselves establish a salary payable regardless of shifts worked. Recurring shift payments likewise do not establish a qualifying fee arrangement." ECF No. 203 (citing 29 C.F.R. § 541.605(a)).

Here, Mr. Hoang was not a salaried employee. In fact, as pled, his payment was determined exclusively based on how much he worked. While he was guaranteed a minimum amount of work, Mr. Hoang was never guaranteed a minimum payment regardless of the days, shifts, or hours worked. Notably, he was not paid for the last two weeks he worked. As a result, I do not find that he qualifies as an exempt creative professional. Thus, the Motion does not meet any of the criteria under Rule 59(e) for reconsideration, and the Motion should be **DENIED** on this ground.

*B. Typographical Error Under Rule 60(a)*

Mr. Tang moves[1] pursuant to Rule 60(a) for correction of a typographical error in the Omnibus Order (ECF No. 182). ECF No. 201 at 9-12. The typographical error at issue is the identifier "Hoang" in "Hoang also argues that he cannot be held jointly and severally liable for any FLSA violation, because he was not a 'derivative employer.' ECF No. 173 at 5-9. Hoang misreads the law on this point." ECF No. 182 at 12. Mr. Tang argues that based on context and his knowledge of the parties' arguments, it appears Omnibus Order meant to reference "Tang." ECF No. 201 at 9-12. Mr. Hoang says he "does not oppose" the replacement, and there is "no reason to vacate the judgment or reopen the merits."[2] ECF No. 203 at 4. I agree.

[1] Mr. Tang alternatively moves under Rule 60(b)(1) to correct the typographical error. ECF No. 201 at 10. Because it is recommended that the relief be granted under 60(a), I do not address whether Rule 60(b)(1) applies.

[2] Based on his arguments, I do not interpret Mr. Tang as asking the Court to reopen the merits of the final judgment under Rule 60(a). ECF No. 201 at 9-12. Further, Mr. Tang does not provide any authority that Rule 60(a) allows the Court to reopen the merits of the final judgment. *Id.*; *Jones v. Bank of Am., N.A.,* 564 F. App'x 432, 434

The citation in the Omnibus Order is to ECF No. 173, which is Mr. Tang's Motion for Summary Judgment. ECF No. 173; ECF No. 183 at 12. As a result, it appears that there is a typographical error in the Omnibus Order. If the Court reviews the filing and confirms there is a typographical error, I recommend the Court make the correction. I find this kind of error would be precisely the kind an inadvertent typographical error imagined under the Rule, and does not affect the substantive rights of the parties. As well, Mr. Tang describes the error as "non-substantive." ECF No. 201 at 10. Finally, Mr. Hoang does not oppose the correction. ECF No. 203. For these reasons, I recommend the Motion under Rule 60(a) be **GRANTED.**

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David Leibowitz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the

(11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (internal citation omitted) (bracket in original). Therefore, I will not address this concern from Mr. Hoang any further.

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of October 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE