**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:23-cv-80479-LEIBOWITZ/REINHART**

**THANH M. HOANG,**
*Plaintiff*,
*v.*

**DORAL 888 LLC, *et al.*,**
*Defendants.*
______________________________/

**ORDER ADOPTING IN PART AMD REJECTING IN PART MAGISTRATE JUDGE REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Report and Recommendation on Plaintiff Thanh M. Hoang's ("Hoang") Motion for Default Judgment against Defendants Doral 888, LLC and Boca 888, LLC [ECF No. 198] (the "R&R"), recommending the Motion be GRANTED IN PART and DENIED IN PART. [*Id.* at 1, 13]. The undersigned previously referred the Motion to U.S. Magistrate Judge Bruce E. Reinhart for a report and recommendation consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 187]. Hoang moved for "limited reconsideration" of the R&R [ECF No. 199], which this Court treats as a timely-filed "limited objection." [*See PAPERLESS ORDER*, ECF No. 200]. Defendant did not object to the R&R.

The Court has reviewed *de novo* the R&R, the Motion, the limited Objection, the Amended Complaint, relevant portions of the record, and the governing law. Finding no error with the R&R as to Counts I and II of the Amended Complaint, the Court ADOPTS and AFFIRMS the R&R on those recommendations. The Court REJECTS the R&R's recommendation that default judgment against Defendants on Count III be denied, for the reasons explained below.

## I. RELEVANT PROCEDURAL HISTORY

On March 27, 2023, Plaintiff Thanh M. Hoang ("Hoang") filed a Complaint and demand for

jury trial against Doral 888 LLC ("Doral 888"), Boca 888 LLC ("Boca 888"), and Kenny Tang ("Tang") (collectively "Defendants"), under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. [Compl., ECF No. 1]. A Clerk's default was entered against Defendants Doral 888, LLC and Boca 888, LLC on January 29, 2026, on all three counts. [*See* ECF Nos. 120, 123, 126, 127, 130]. On August 4, 2026, the Court granted summary judgment against Tang and in favor of Hoang on Count II of the Amended Complaint. [ECF No. 182]. On September 9, 2026, Final Judgment was entered against Tang in the amount of $435.00 in unpaid minimum wages and $458.00 in liquidated damages. [ECF No. 190]. On August 18, 2026, Hoang filed the instant motion seeking default judgment against the corporate Defendants on all three counts under Rule 55(b) of the Federal Rules of Civil Procedure. [ECF No. 183].

The R&R recommends granting the Motion as to Count I (FLSA unpaid overtime) and Count II (FLSA unpaid minimum wage) of the Amended Complaint [ECF No. 198 at 8–10], but does not award damages on Count II to avoid double recovery. The R&R denies the Motion as to Count III (common law minimum wage), because Hoang did not sufficiently plead the existence of a contract to support the claim [*id.* at 10–11, 13].

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1),

and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## III. DISCUSSION

Hoang lodges three objections to the R&R's determination that the Amended Complaint failed to plead facts to establish the existence of a contract to support Count III. [ECF No. 199]. First, Hoang argues Judge Reinhart misread the allegations which he argues pleaded the existence of a compensation agreement, performance, and non-payment. [ECF No. 199 at 2–3]. Second, Hoang maintains that the facts as pleaded in the Amended Complaint establish, at the very least, an oral agreement that Defendants would pay Hoang $35.00 per hour, which was confirmed by prior conduct where Defendants paid Hoang that rate. [*Id.* at 3–5]. Third, an award of damages under Count III would not result in a double recovery for amounts already awarded given that damages paid Hoang by Tang would be deducted from the amount of damages awarded. [*Id.* at 5].

### A. <u>Common law unpaid wages</u>.

> Florida statutes do not create an independent cause of action for unpaid wages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009). Rather, claims for unpaid wages must be brought pursuant to "some other law." *Id.*; *Edwards v. Niles Sales & Serv. Inc.*, 439 F. Supp. 2d 1202, 1208 n.6 (S.D. Fla. 2006). "Actions for unpaid wages are typically pled as breach of contract claims wherein the agreement in question happens to be an employment or compensation contract." *Vega*, 564 F.3d at 1271.

*Thompson v. Connect Solutions Worldwide, LLC*, No. 23-cv-14349, 2024 WL 5058138, at *7–8 (S.D. Fla. Sep. 25, 2024) (Cannon, J.); *see Hepburn v. Luxurban Hotels, Inc.*, No. 23-cv-24380, 2025 WL 1094157, at *4 (S.D. Fla. Jan. 6, 2025) (construing a claim for agreed-upon wages as a breach of contract claim); *St. Charles v. Int'l Sec. Guard Servs., Inc.*, No. 24-cv-22063, 2026 WL 513528, at *2–3 (S.D. Fla. Feb. 24, 2026) (Moore, J.) (adopting report and recommendation of Elfenbein, M.J.) (same).

> Under Florida law, a plaintiff must plead the following to support a valid breach of contract claim: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *See, e.g.*, *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. App. Ct. 2008). To adequately plead the existence of a contract, a plaintiff must allege: (1) offer; (2) acceptance; (3) consideration; and (4)

> sufficient specification of the essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

*Thompson,* 2024 WL 5058138, at *7–8.

**B. *De novo* review of Count III.**

Under the Court's *de novo* review of the Amended Complaint, Hoang sufficiently pleads facts to support Count III as follows:

> The corporate Defendants employed Hoang and located him at Boca Zaka as a hibachi cook.
>
> ***
>
> [F]rom approximately August 2022 to October 2022, Hoang worked seven (7) days per week, 3:30 p.m. – 9:30 p.m. on Sunday – Friday, and 3:30 p.m. to 10:00 p.m. on Saturday, for a total of 42.5 hours. Defendants paid Hoang in cash during this time period, at the rate of $180.00 per shift, with no additional payment for overtime hours. As of October 2022, the corporate Defendants paid Hoang at the hourly pay rate of $35.00 for all hours worked, without any additional payment for overtime hours, although during this time, Hoang only worked six (6) days per week and did not generally work hours more than forty (40). At no time was Hoang paid on a salary basis, let alone at the guaranteed rate of $684.00 per week. As of March 10, 2023, Defendants, by and through Tang, terminated Hoang's employment, following a verbal altercation with a customer, co-worker, and Tang. Defendants have failed to pay Hoang his earned wages (approximately two thousand dollars ($2,000.00)), for approximately 9.5 days worked between February 27, 2023, and March 10, 2023 (totaling approximately sixty (60) hours).

[Am. Compl., ECF No. 30 ¶¶ 7, 13–16].

Applying Florida law to the above allegations, Hoang sufficiently pleads that (1) an oral agreement by Defendants to pay him $35.00 per hour for hours worked as a hibachi cook every two weeks; (2) Hoang worked sixty (60) hours between February 27, 2023, and March 10, 2023; and (3) Defendants failed to pay him for that work. Accordingly, the Court finds the allegations show that a contract for employment at $35.00 per hour existed, that Defendants materially breached that contract by failing to pay Hoang, and that Hoang was damaged by this breach in that he was not compensated.

Accordingly, Hoang is entitled to default judgment on Count III of the Amended Complaint. *See St. Charles,* 2026 WL 513528, at *6 (affirming magistrate judge's recommendation that default

judgment be granted against the defendant where the complaint alleged there was an agreement to pay the plaintiffs $14.00 per hour to perform work for the defendants, plaintiffs performed the work, but defendants failed to pay). Accordingly, Hoang is entitled to default judgment on Count III for damages totaling $2,100.00; the Court SUSTAINS Plaintiff's Objection; and the undersigned REJECTS this aspect of the R&R.

## III. CONCLUSION

Having reviewed *de novo* the Motion, the R&R, the Amended Complaint, the Objection, relevant portions of the record, and the governing law, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [ECF No. 188] is ADOPTED and AFFIRMED as to Counts I and II of the Amended Complaint. Plaintiff is entitled to default judgment against Defendants Doral 888, LLC, and Boca 888, LLC, in the amount of **$592.80** on Count I. Plaintiff is not entitled to any additional recovery on Count II because he has already been awarded damages for Count I. [*See* ECF No. 182].

2. Plaintiff's Objection to the R&R's recommendation on Count III [ECF No. 199] is SUSTAINED. Plaintiff is entitled to default judgment against Defendants Doral 888, LLC and Boca 888, LLC, in the amount of $2,100.00, less $435.00 paid by Defendant Kenny Tang [ECF No. 184-1 at 2], for a total of **$1,665.00.**

3. Plaintiff is directed to file a Proposed Order for Final Default Judgment against Doral 888, LLC and Boca 888, LLC, **no later than November 30, 2026.**

**DONE AND ORDERED** in the Southern District of Florida on November 20, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record